IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM J. MUFFLEY<br>*Petitioner*, | : | |
| v. | : | |
| SUPERINTENDENT CAMERON;<br>THE PENNSYLVANIA ATTORNEY<br>GENERAL; and THE DISTRICT<br>ATTORNEY OF NORTHAMPTON<br>COUNTY PENNSYLVANIA<br>*Respondents*. | :<br><br>: | CIVIL ACTION<br>NO. 15-152 |

## MEMORANDUM

**Jones, II   J.**                                                                                                    **May 18, 2020**

### I.    Introduction

Petitioner filed the instant *pro se* habeas petition pursuant to 28 U.S.C. § 2254, challenging his October 4, 2010 conviction in the Northampton County Court of Common Pleas on charges of Robbery, Terroristic Threats, Theft by Unlawful Taking, and Possession of an Instrument of Crime. In support of same, Petitioner argues both his trial and appellate counsel were ineffective, and that the prosecution committed a *Brady* violation, as well as prosecutorial misconduct. Upon referral from this Court, United States Magistrate Judge Henry S. Perkin prepared a Report and Recommendation ("R&R"), recommending denial of Petitioner's request for habeas relief. Petitioner filed objections to the R&R and Respondents filed an Answer thereto, rendering the matter now ripe for review.

### II.    Standard of Review

When objections are filed to the Report and Recommendation of a Magistrate Judge, the district court must conduct a *de novo* review of those portions of the Report and

Recommendation to which objections are made. 28 U.S.C. §636(b)(1). Although courts must give liberal construction to *pro se* habeas petitions, "[o]bjections which merely rehash an argument presented to and considered by a magistrate judge are not entitled to de novo review." *Gray v. Delbiaso*, No. 14-4902, 2017 U.S. Dist. LEXIS 101835, at *11 (E.D. Pa. June 30, 2017). "Where objections do not respond to the Magistrate's recommendation, but rather restate conclusory statements from the original petition, the objections should be overruled." *Prout v. Giroux*, No. 14-3816, 2016 U.S. Dist. LEXIS 57085, at *30 (E.D. Pa. Apr. 29, 2016); *see also Guzman v. Rozum*, No. 13-7083, 2017 U.S. Dist. LEXIS 55661, at *22 (E.D. Pa. Apr. 12, 2017) ("[F]ederal district courts are not required to engage in *de novo* review of objections to a Magistrate's R&R that lack specificity."); *Luckett v. Folino*, No. 1:09-CV-0378, 2010 U.S. Dist. LEXIS 100018, at *2 (M.D. Pa. 2010) (denying objections to R&R because "[e]ach of these objections seeks to re-litigate issues already considered and rejected by [the] Magistrate Judge[.]")

**II.     Discussion**

Petitioner herein raises three objections to Judge Perkin's findings regarding the following issues: (1) whether the Commonwealth violated *Brady v. Maryland*[1] with respect to an identification; (2) whether the Commonwealth committed prosecutorial misconduct when it introduced a knife into evidence that was not the weapon used in the alleged crimes, and used testimony to set the ground for this admission that was allegedly not credible; and, (3) whether appellate counsel was ineffective for failing to raise a sufficiency of the evidence claim during post-conviction proceedings. (Objs. ¶¶ 7-11.)

---

[1] 373 U.S. 83 (1963) (requiring the prosecution to disclose evidence that is exculpatory and material).

Upon review of Petitioner's objections, this Court finds same to be unresponsive to the R&R issued by Judge Perkin. Petitioner provides no basis for his objections, relying instead upon conclusory statements of alleged error. *See* E.D. Pa. Civ. P. R. 72.1(IV)(b) ("[W]ritten objections . . . shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.").

In the R&R, Judge Perkin concluded that Petitioner's claims were meritless, as the state court's findings were not an unreasonable application of clearly established federal law, nor were they an unreasonable determination of the underlying facts. Again, Petitioner fails to specify any particular basis for his objections, but instead, explicitly refers this Court back to his habeas petition. (*See generally* Objs. ¶¶ 7-11.) Petitioner declares that Judge Perkin reached improper conclusions and misapplied the law but does not explain *why* he believes Judge Perkin is wrong or *how* Judge Perkin misapplied the law. As such, Petitioner's Objections are not entitled to *de novo* review. *Gray*, 2017 U.S. Dist. LEXIS 101835, at *11 ("Objections which merely rehash an argument presented to and considered by a magistrate judge are not entitled to de novo review."); *see also Cherry v. Wynder*, No. 05-2560, 2007 U.S. Dist. LEXIS 21728, at *22, 27 (E.D. Pa. Mar. 26, 2007) (overruling objections to a R&R when they did not respond to the recommendations, but instead merely repeated assertions made in the habeas petition).

Assuming *arguendo* that any of Petitioner's objections were responsive to the R&R and thus entitled to *de novo* review by this Court, said objections point to no supporting evidence, and are conclusory. Petitioner's claims of error amount to declarations that Judge Perkin misapplied the law and that Petitioner demonstrated an entitlement to relief in his Habeas Petition. *See, e.g.*, Objs. ¶¶ 7-8 (arguing that both Judge Perkin and the state court used an incorrect standard of review on materiality and that Petitioner "has proven (with reasonable

3

certainty) that the evidence was both exculpatory and suppressed by the [C]ommonwealth."); Objs.¶¶ 9-10 (arguing Judge Perkin "incorrectly agreed with the [S]uperior [C]ourt" and ignored the fact that "[t]he testifying witness' testimony was not credible."); Objs. ¶ 11 (arguing "[t]he third claim should also not be adopted by the court[] [because] [t]he evidence was not overwhelming as the magistrate contends.").[2]

In view of the foregoing, *none* of Petitioner's objections are entitled to *de novo* review. Instead, this Court must review the R&R for clear error. *See Crist v. Kane*, No. 3:14-CV-01412, 2016 U.S. Dist. LEXIS 131107, at *4 (M.D. Pa. Sept. 26, 2016) ("[T]he Court reviews the portions of the Report & Recommendation to which the petitioner objects specifically de novo. The remainder of the Report & Recommendation, and any portion the petitioner objects to generally, is reviewed for clear error."). Having done so and finding no clear error in this case, the R&R shall be approved and adopted.

---

[2] With specific regard to Petitioner's second objection regarding the knife (Objs. ¶¶ 9-10), although Judge Perkin did not expressly address Petitioner's habeas argument that his cousin (the witness whose testimony laid the foundation for the knife's admission into evidence) lacked credibility, this fact does not entitle Petitioner to de novo review. As the Commonwealth correctly notes in its Response, "any argument related to the credibility of [Petitioner's cousin] is irrelevant . . . because the trial court did not consider that evidence in rendering its verdict." (Resp. Objs. 6.) This Court agrees. Judge Perkin's R&R specifically noted that the trial judge, sitting as factfinder, concluded that the knife had no evidentiary value, and that other evidence overwhelmingly supported a guilty verdict. (R&R 12.) Thus, the state court record did not require that Judge Perkin examine the witness' credibility in order to rule on Petitioner's prosecutorial misconduct claim. Inasmuch as Petitioner failed to put forth any argument in support of his conclusion that Judge Perkin erred in finding the claim meritless, this issue is not entitled to *de novo* review.

**IV.     Conclusion**

For the reasons set forth herein above, Petitioner's objections to the Honorable Henry S. Perkin's Report and Recommendation shall be overruled and the Report and Recommendation shall be adopted and approved.

An appropriate Order follows.

BY THE COURT:


/s/  C. Darnell Jones, II    J.